UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **BRANDON GIBSON,**<br><br>*Plaintiff*,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,** *and* **SYNCHRONY FINANCIAL, INC. d/b/a SYNCHRONY BANK,**<br><br>*Defendants.* | Case No.: 8:23-cv-2664<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Brandon Gibson**, ("**Mr. Gibson**" or "**Plaintiff**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc**. ("**Experian**"), **Trans Union LLC** ("**Trans Union**") and **Synchrony Financial, Inc.** d/b/a **Synchrony Bank** ("**Synchrony**") (jointly, "the Defendants") and stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Gibson against the Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION

2. Subject matter jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as the FCRA is a federal statute.

Page **1** of **20**

3. The Defendants are subject to the provisions of the FCRA and are subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and § 48.193, Florida Statutes.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this cause of action occurred in Florida's Middle District.

## PARTIES

5. Mr. Gibson is a natural person residing in Polk County, Florida.

6. Experian is an Ohio corporation, with a primary business address of 475 Anton Blvd., Costa Mesa CA 92626.

7. Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

8. Trans Union is registered to conduct business in the State of Florida as a Foreign Corporation.

9. Trans Union's Florida Registered Agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

10. Synchrony is a Delaware corporation whose Delaware registered agent is Corporation Service Company, 1209 Orange St., Wilmington, DE 19801.

11. Experian and Trans Union are *Consumer Reporting Agencies* ("**CRAs**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, they regularly engage in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and use means or facilities of interstate commerce, including the postal mail and internet, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

12. Mr. Gibson is alive and in good health.

13. Mr. Gibson has never been reported as "deceased" to any government agency, law enforcement agency, or media company.

14. Mr. Gibson's Social Security number is not present on the Master Death List maintained by the Social Security Administration.

15. Around March 2018, Mr. Gibson obtained a line of credit serviced by Synchrony, concerning Haverty's Furniture.

16. Around May 2018, Synchrony began reporting to Equifax, Experian and Trans Union the status of the account was "consumer deceased."

17. Synchrony apparently confused Mr. Gibson with *Brandon James Gibson* of the City of Findlay, Hancock County, Ohio.

18. Before his death on October 11, 2015, Brandon James Gibson had several criminal convictions and many unpaid civil judgments entered against him.

19. Plaintiff's full name is Brandon *Wayne* Gibson.

20. In May 2018, Mr. Gibson learned of the erroneous notation in his credit reports when he applied for a loan with Sky Powersports of Lakeland, Florida.

21. Mr. Gibson disputed his "deceased" status to Experian, who removed the deceased indicator from Mr. Gibson's credit file.

22. Mr. Gibson likewise disputed his "deceased" status to Trans Union.

23. Trans Union likewise eventually removed the deceased notation.

24. However, despite Mr. Gibson's efforts and his continued survival, Experian and Trans Union later reinserted the "deceased" marker into Mr. Gibson's credit file and resumed selling reports indicating that he was dead sometime around February 2019.

25. Around August 2019, Mr. Gibson retained legal counsel and sued Experian, alleging violations of the FCRA stemming from Experian's reporting of Mr. Gibson as deceased.

26. Experian was thus keenly aware that Synchrony – specifically with respect to the Haverty's Furniture account – had falsely reported Mr. Gibson as deceased and failed to correct the issue on multiple occasions.

27. Trans Union, although not a party to the 2019 lawsuit, was nonetheless aware of the same issue, as Mr. Gibson had disputed the "deceased" indicator to Trans Union, as well.

28. Synchrony also reported Mr. Gibson's ex-wife as "deceased," apparently solely based on the fact she was an Authorized User of the Haverty's Furniture account.

29. In November 2020, Mr. Gibson's ex-wife sued Experian over this issue, reiterating to Experian the information it was receiving from Synchrony concerning this particular Haverty's Furniture account was erroneous.

30. In October 2023, Synchrony made new reports to Trans Union and Experian, indicating that Mr. Gibson was again "deceased." **SEE PLAINTIFF'S EXHIBITS A and B.**

31. Both Experian and Trans Union immediately incorporated this data back into Mr. Gibson's credit file, despite Mr. Gibson's prior disputes and lawsuits heavily suggesting the data was false.

32. No other creditor reported Mr. Gibson as deceased.

33. Mr. Gibson's other creditors reported him as continuing to make on-time payments as well as *establishing new credit*.

34. Pursuant to 15 U.S.C. § 1681i(5)(B), a CRA is required to certify that information is complete and accurate to reinsert previously deleted information into a consumer's file.

35. Neither Experian nor Trans Union sought to verify that the information it had previously deleted could now be verified as accurate and should be reinserted, despite the requirements of 15 U.S.C. § 1681i(5)(B).

36. No reasonable procedures designed to ensure maximum possible accuracy of reports were utilized by Experian or Trans Union to prevent the reinsertion of the erroneous "deceased" notation within Mr. Gibson's credit history file, even with years of disputes from Mr. Gibson about this particular tradeline.

37. As the result of these failures by Experian and Trans Union, both CRAs sold new reports in October and November 2023 concerning Mr. Gibson to potential creditors indicating, falsely, he was deceased.

38. Neither Experian nor Trans Union mailed written notice to Mr. Gibson stating that it was reinserting previously-deleted information, disclosing the business name and address of the furnisher of information making such verification, or explaining to Mr. Gibson that he had the right to add a statement disputing the accuracy of his death.

39. Had the Defendants utilized reasonable procedures to prevent the false reporting of Mr. Gibson's death – and its reinsertion after deletion – reports sold to lenders regarding Mr. Gibson would not have falsely informed those lenders that Mr. Gibson was deceased.

40. Compounding the issue, Synchrony reported that a balance of $2,148 was owed concerning the Haverty's Furniture account, and that the balance was "past due" and "charged off" as of October 24, 2023.

41. This, too, is false, as Mr. Gibson received a discharge of his debts on July 14, 2023, as he filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the Middle District of Florida on April 14, 2023.

42. In October 2023, Mr. Gibson disputed Synchrony's tradeline to Trans Union, stating the account information was not accurate, as he was not dead and he did not owe $2,148, as any debt potentially owed was discharged in July 2023.

43. Trans Union, upon receipt of Mr. Gibson's dispute, sent Synchrony an Automated Consumer Dispute Verification ("ACDV") request through a system known as e-OSCAR to Synchrony.

44. Synchrony returned the ACDV, confirming its tradeline was correct and required no modification, although Synchrony did update certain information, like the date the balance was last updated. **SEE PLAINTIFF'S EXHIBIT B.**

45. Synchrony's investigation was unreasonable, as any reasonable investigation would have concluded that Mr. Gibson was alive and had received a discharge of debt in July 2023.

46. Trans Union was also required to conduct its own investigation into the matter, and not simply rely upon Synchrony's verification of the disputed information.

47. Synchrony's tradeline indicated the Haverty's Furniture account was last paid in September 2018 and was "more than 120 days past due" as of December 2018.

48. Trans Union contracts with public records vendors like LexisNexis and receives daily updates of public records concerning bankruptcy discharges and petitions.

49. Trans Union was aware of Mr. Gibson's July 2023 discharge of debts for this reason, as it reported the Chapter 7 Discharge under the "public records" section of Mr. Gibson's credit report.

50. Additionally, and as is virtually axiomatic, genuinely deceased individuals do not dispute "deceased" notations on their credit reports.

51. Trans Union had record of the prior erroneous "deceased" notations on this exact same tradeline, which it had received disputes concerning and corrected.

52. Trans Union thus should have been able to ascertain Synchrony's reported data was false.

53. Likewise, Trans Union had specific knowledge that false reports of Mr. Gibson's demise had been included in reports Trans Union sold concerning Mr. Gibson on prior occasions.

54. Experian, for its part, has been sued by Mr. Gibson in the past specifically for selling reports falsely claiming he was dead – and the source of that erroneous information was Synchrony, specifically the Haverty's Furniture tradeline.

55. Thus, Experian had concrete, specific and unequivocal knowledge that some kind of flaw or technical issue in its systems was causing Mr. Gibson to repeatedly be reported as deceased, when he was not.

56. Despite this, Experian sold reports concerning Mr. Gibson in 2023 claiming he had no credit score because he was "deceased."

57. The fact that Experian sold reports on Mr. Gibson just four years after being sued by him for the virtually-identical problem -- that he was not deceased -- is evidence that Experian lacks reasonable procedures to prevent the reappearance of clearly false, previously deleted information back into a consumer's credit file.

58. Experian never obtained credible information that Mr. Gibson was deceased after each deleted the "deceased" statement from its credit file.

59. Despite a consumer being marked as deceased, Experian and Trans Union still sell reports and collects fees from its customers for these reports; however, no credit score is provided, and the explanation printed on the reports states that no credit score is available because the consumer is "deceased."

60. In addition to Mr. Gibson's prior lawsuit, Experian has been sued many times for these exact same issues and been found liable for failing to utilize reasonable procedures in the creation of consumer credit reports.

61. Most lenders, unable to obtain a credit score, will not approve a consumer for credit who is labeled "deceased", and are aware that a deceased consumer's SSN is frequently used in fraudulent credit transactions.

62. Selling credit reports to lenders falsely stating Mr. Gibson was deceased will cause foreseeable harm.

63. Experian and Trans Union know that labeling a consumer "deceased" will cause the consumer tremendous difficulty with obtaining financing or credit.

64. Indeed, any creditor reviewing Mr. Gibson's consumer report would be led to believe that Mr. Gibson was committing or had committed fraud – i.e., he used a deceased person's Social Security number.

65. Mr. Gibson has further suffered from severe emotional distress in being reported as deceased for a third time.

66. Mr. Gibson has hired this law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

67. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

68. Experian violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Gibson, when it sold reports which falsely indicated Mr. Gibson was "deceased," when he was not, and continued to report this information even after Mr. Gibson had previously notified Experian of the obvious error, and when it failed to indicate in reports that the Synchrony account was discharged.

69. Experian's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

70. As a result, Experian is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

71. Alternatively, Experian acted negligently, and Experian is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Gibson respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)

72. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

73. Experian violated 15 U.S.C. § 1681i(a)(5)(B) when it failed to obtain certification of accuracy of previously-deleted information and failed to notify Mr. Gibson upon reinsertion of that information into Mr. Gibson's file, when it reinserted that Mr. Gibson was deceased.

74. Experian's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to prevent the re-insertion of false information and to notify consumers when information is reinserted.

75. As a result, Experian is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

76. Alternatively, Experian acted negligently, and Experian is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Gibson respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT III
## TRANS UNION'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

77. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

78. Trans Union violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Gibson, when it sold reports which falsely indicated Mr. Gibson was "deceased," when he was not, and continued to report this information even after Mr. Gibson had previously notified Trans Union of the obvious error, and when it failed to indicate in reports that the Synchrony account was discharged.

79. Trans Union's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

80. As a result, Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

81. Alternatively, Trans Union acted negligently, and Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Gibson respectfully requests this Honorable Court enter judgment against Trans Union for:

a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### TRANS UNION'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(5)(B)

82. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

83. Trans Union violated 15 U.S.C. § 1681i(a)(5)(B) when it failed to obtain certification of accuracy of previously-deleted information and failed to notify Mr. Gibson upon reinsertion of that information into Mr. Gibson's file, when it reinserted that Mr. Gibson was deceased.

84. Trans Union's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to prevent the re-insertion of false information and to notify consumers when information is reinserted.

85. As a result, Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

86. Alternatively, Trans Union acted negligently, and Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Gibson respectfully requests this Honorable Court enter judgment against Trans Union for:

   a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

   d. Such other relief that this Court deems just and proper.

## COUNT V
## TRANS UNION'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

87. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

88. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation upon notice of a dispute by Mr. Gibson, when it verified the Synchrony tradeline as accurate, despite the deceased notation and without indication that the account had been discharged in bankruptcy.

89. Trans Union's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to reinvestigate consumer disputes.

90. As a result, Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

91. Alternatively, Trans Union acted negligently, and Trans Union is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Gibson respectfully requests this Honorable Court enter judgment against Trans Union for:

    a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT VI
## SYNCHRONY'S VIOLATIONS OF THE FCRA

92. Mr. Gibson adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

93. Synchrony violated **15 U.S.C. § 1681s-2(b)** when it failed to update, modify, or correct its reports after receiving notice of dispute from Trans Union. Any reasonable investigation would have concluded that the purported debt could not be verified as accurate as it was discharged in bankruptcy proceedings, and that Mr. Gibson was not deceased.

94. Synchrony's conduct was willful and intentional, or, alternately, acted with reckless disregard for its duties under the FCRA to reinvestigate consumer disputes.

95. As a result, Synchrony is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gibson's actual damages and statutory damages of up to $1,000 for *each occurrence*, punitive damages, attorneys' fees, and costs.

96. Alternatively, Synchrony acted negligently, and Synchrony is liable to Mr. Gibson, pursuant to 15 U.S.C. § 1681o, for Mr. Gibson's actual damages, attorneys' fees, and costs.

**WHEREFORE**, Mr. Gibson respectfully requests this Honorable Court enter judgment against Synchrony for:

a. The greater of statutory damages of $1,000 per incident and Mr. Gibson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gibson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Gibson hereby demands a trial by jury on all issues so triable.

Respectfully submitted November 20, 2023, by:

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No. 119168
Seraph Legal, P.A.
1614 N. 19th Ave.
Tampa, FL 33605
Phone: 813-321-2347
Fax: (855) 500-0705
BGeiger@SeraphLegal.com
*Counsel for Plaintiff*

**EXHIBIT LIST**
A   Plaintiff's Experian Consumer Disclosure, October 30, 2023 – Synchrony Tradeline - Excerpt
B   Trans Union's Dispute Results, October 25, 2023, Synchrony Tradeline - Excerpt